UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:22-cr-115(S1)-TJC-JBT
18 U.S.C. § 2252(a)(2)
18 U.S.C. § 793(e)

GREGORY EDWARD MCLEAN,
   a/k/a "twisteddesire3210,"
   a/k/a "twisteddesire3213"

## SUPERSEDING INFORMATION

The United States Attorney charges:

### COUNT ONE

On or about November 17, 2020, in the Middle District of Florida, and elsewhere, the defendant,

GREGORY EDWARD MCLEAN,
a/k/a "twisteddesire3210,"
a/k/a "twisteddesire3213,"

did knowingly distribute a visual depiction using any means and facility of interstate and foreign commerce by any means, that is, via the internet, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct, the visual depiction being specifically identified in the computer file with a title ending in "1270d.mp4."

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT TWO

From an unknown date, but continuing through on or about November 4, 2021, in the Middle District of Florida, the defendant,

GREGORY EDWARD MCLEAN,
a/k/a "twisteddesire3210,"
a/k/a "twisteddesire3213,"

having unauthorized possession of, access to, and control over documents relating to the national defense, willfully retained the documents and failed to deliver them to the officer or employee of the United States entitled to receive them, to wit, the defendant without authorization retained a thumb drive in his residence which contained two documents classified at the SECRET level relating to the national defense that discussed foreign military capabilities.

In violation of 18 U.S.C. § 793(e).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2252, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine,

periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.    The property to be forfeited includes, but is not limited to, a Motorola Droid Turbo cellular telephone, a Samsung Galaxy S20 Ultra cellular telephone, a Western Digital hard drive, and a Flash Drive USB2.0.

4.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

ROGER B. HANDBERG
United States Attorney

By: _____ /DBM
Kirwinn Mike
Assistant United States Attorney

By: _____
David B. Mesrobian
Assistant United States Attorney

By: _____
Michael J. Coolican
Assistant United States Attorney
Deputy Chief, Jacksonville Division

By: _____
Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security Section

By: _____
Heather Schmidt
Senior Trial Attorney
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice