FILED IN OPEN COURT

12-6-2023

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:22-cr-115(S1)-TJC-JBT

GREGORY EDWARD MCLEAN
    a/k/a "twisteddesire3210,"
    a/k/a "twisteddesire3213"

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the United States Department of Justice, National Security Division (hereinafter collectively the "Offices" or the "United States") and the defendant, GREGORY EDWARD MCLEAN, and the attorney for the defendant, Jesse Dreicer, Esq., mutually agree as follows:

**A.**   **Particularized Terms**

1.   Count Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Superseding Information. Count One charges the defendant with distribution of a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C.

Defendant's Initials [signature]                AF Approval MT/DBM

§ 2252(a)(2) and (b)(1).   Count Two charges the defendant with unlawful

retention of national defense information, in violation of 18 U.S.C. § 793(e).

    2.   <u>Minimum and Maximum Penalties</u>

        Count One is punishable by a mandatory minimum term of

imprisonment of not less than five years and not more than 20 years, a fine of

not more than $250,000, or both imprisonment and a fine, a term of supervised

release of at least five years up to life, and a special assessment of $100.

        Pursuant to 18 U.S.C. § 3583(k), if the defendant is required to

register under the Sex Offender Registration and Notification Act and commits

any criminal felony offense under Title 18, United States Code, Chapter 109A,

110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of

supervised release and require the defendant to serve a term of imprisonment of

not less than five years and up to life. Any other violation of the terms and

conditions of supervised release is punishable by a term of imprisonment of up

to two years.

        With respect to Count One and pursuant to 18 U.S.C. §§ 2259,

3663A and/or 3664, the Court shall order the defendant to make restitution to

any victim of the offense, and with respect to other offenses, the Court may

order the defendant to make restitution to any victim of the offense(s), or to the

community, as set forth below.   Pursuant to 18 U.S.C. § 2259, if the Court

Defendant's Initials         2

orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

Additionally, pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of up to $35,000 on any defendant convicted of a trafficking in child pornography offense, such as Count One.

In addition, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Count Two carries a maximum sentence of ten years' imprisonment, a fine not to exceed $250,000, a term of supervised release of not more than three years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Defendant's Initials       3

3. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>: That the defendant knowingly distributed a visual depiction;

<u>Second</u>: the defendant did so using any means and facility of interstate and foreign commerce;

<u>Third</u>: producing the visual depiction involved the use of a minor engaging in sexually explicit conduct;

<u>Fourth</u>: the depiction is of a minor engaged in sexually explicit conduct; and

<u>Fifth</u>: the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

The elements of Count Two are:

<u>First</u>: The defendant had possession of, access to, or control over document(s) relating to the national defense of the United States;

<u>Second</u>: The defendant was not authorized to possess the document(s);

<u>Third</u>: The defendant <u>willfully</u> retained and failed to deliver the document(s) to an officer or employee of the United States entitled to receive it; and 

<s><u>Fourth</u>: The defendant acted willfully.</s> e

Defendant's Initials ___ 4

4.     Indictment Waiver

The defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.     Indictment Dismissed

At the time of sentencing, the original Indictment against the defendant will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.     No Further Charges

If the Court accepts this plea agreement, the Offices agree not to charge defendant with committing any other federal criminal offenses known to the United States at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.     Sentencing Recommendation

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree that, although not binding on the United States Probation Office or the Court, they will jointly recommend that the Court impose concurrent sentences for Counts One and Two.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials      5

8.     Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.   Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

9.     Restitution to Any Minor Victims of Offenses
Committed by Defendant, Whether Charged or Uncharged

Pursuant to 18 U.S.C. §§ 3663(a)(3), 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to the counts charged. Further, the defendant agrees to pay restitution to any of his minor victims, for

Defendant's Initials                 6

the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

      10.    Acceptance of Responsibility - Three Levels

      At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

      Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials        7

complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253 and/or 18 U.S.C. § 793(h)(1), whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, a Motorola Droid Turbo cellular telephone, a Samsung Galaxy S20 Ultra cellular telephone, a green Western Digital Hard Drive s/n WXE507092327, and a Flash Drive USB2.0 (marked "Vincennes University"), which assets were

Defendant's Initials _____      8

used in the commission of the offense conduct and contained visual depictions of minors engaged in sexually explicit conduct.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

Defendant's Initials _____          9

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.

Defendant's Initials             10

The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant

Defendant's Initials          11

may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

12. Abandonment of Property - Computer Equipment

The United States and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and

Defendant's Initials                     12

peripherals to the United States with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of the following:

a.   Black Motorola Cell Phone;

b.   Black iPhone;

c.   Black Sony VAIO Laptop SN #27527431, Model #PCG-81115L;

d.   Grey Apple MacBook Air, SN #FVFOQM5GMNHP;

e.   Black Seagate Free Agent Go, 500 GB, SN #2GE2CW67;

f.   Black Sony 1GB USB storage device SN #07151CDAV;

g.   Dane-Elec Silver and Black USB storage device on a Silver Chain;

h.   ATP tough Drive, 2GB, Camo Pattern with silver clip SN #AF2GUFT3CAD;

i.   Clear case containing SanDisk Micro SD Adapter and a SanDisk Ultra Plus 32 GB Micro SD Card SN #7141DRAY304V;

j.   PNY 16GB, Black and White USB storage device;

Defendant's Initials           13

k.     Kingston Data Traveler 1GB USB storage device;

l.     Grey USB storage device with a green clip attached;

m.     Silver and Blue Nokia Cingular Cell Phone;

n.     Teal USB storage device;

o.     T-Mobile LG Cellphone in a Pink, White and Black plaid case;

p.     Black Verizon cellphone in a black Otterbox case;

q.     PNY 32GB Micro SD Card; and

r.     Assorted optical discs.

As part of the plea agreement in this case, the defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of all items the list above, seized from the defendant's residence on or about November 4, 2021.

**B.    Standard Terms and Conditions**

     1.    <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant

Defendant's Initials        14

enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.  Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from

Defendant's Initials                      15

the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

        The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

    5.    <u>Financial Disclosures</u>

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a

Defendant's Initials _(M)_        16

spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

     6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make

Defendant's Initials       17

recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the

Defendant's Initials   _____      18

sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Scope of Agreement

It is further understood that this agreement is limited to the Offices, and cannot bind other federal, state, or local prosecuting authorities, although the Offices will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or

Defendant's Initials ⟨Ŋ⟩                    19

coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be

Defendant's Initials ⟨W⟩          20

deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

    11.    Factual Basis

        Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

    12.    Entire Agreement

        This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials           21

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____7ᵗʰ_____ day of ~~October~~, 2023.
December, 2.2 3

ROGER B. HANDBERG
United States Attorney


_____
GREGORY EDWARD MCLEAN
Defendant

_____
David B. Mesrobian
Kirwinn Mike
Assistant United States Attorneys

_____
Jesse Dreicer, Esq.
Attorney for Defendant

_____
Michael J. Coolican
Assistant United States Attorney
Deputy Chief, Jacksonville Division

_____
For Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security Section

_____
For Heather Schmidt
Senior Trial Attorney
National Security Division
U.S. Department of Justice


Defendant's Initials _____

22

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:22-cr-115(S1)-TJC-JBT

GREGORY EDWARD MCLEAN
    a/k/a "twisteddesire3210,"
    a/k/a "twisteddesire3213"

## PERSONALIZATION OF ELEMENTS

Count One

1.      On or about November 17, 2020, in the Middle District of Florida, and elsewhere, did you knowingly distribute a visual depiction?

2.      Do you admit that you distributed the visual depiction using any means and facility of interstate and foreign commerce, that is by cellular telephone and the internet?

3.      Do you admit that the production of such visual depiction involved a minor engaging in sexually explicit conduct?

4.      Do you admit that this visual depiction was of a minor engaging in sexually explicit conduct?

Defendant's Initials         23

5.      Do you admit that you knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct?

Count Two

1.      From an unknown date, but continuing through on or about November 4, 2021, in the Middle District of Florida, did you, in your personal residence, have possession of, access to, or control over two documents classified at the Secret level relating to the national defense of the United States?

2.      Do you admit that you were not authorized to possess, have access to, or have control over the documents within your personal residence?

3.      Did you ~willfully~ retain and fail to deliver the documents to an officer and employee of the United States who is entitled to receive them?

~~4.      Did you act willfully?~~



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:22-cr-115(S1)-TJC-JBT

GREGORY EDWARD MCLEAN
     a/k/a "twisteddesire3210,"
     a/k/a "twisteddesire3213"

## FACTUAL BASIS

## I.     **Distribution of Child Pornography**

A.     Initial Investigation

In April 2021, the Naval Criminal Investigative Service (NCIS) received a tip from state law enforcement in Rhode Island that 10 files containing child sexual abuse material (CSAM) had been shared by a user of Kik/Medialab (Kik), a messaging application, with other users between August 24, 2020 through September 16, 2020. The files constituted nine videos and one still image of CSAM; one of the files was a video depicting a partially clothed adult male inserting his penis into the anus of an infant.

State law enforcement shared the Kik account information it obtained for the user who uploaded the CSAM, which was:

Defendant's Initials           25

Email address:       twisteddesire3210@gmail.com
Screen/user name: twisteddesire3210_keg
Internet Protocol (IP) Address:   216.237.98.68

The investigation showed that this IP address resolved to a particular hotel in Middletown, Rhode Island.  State law enforcement had previously executed search warrants in connection with their investigation, including on the Kik account.

The information provided by Kik showed that the user of the "twisteddesire3210" account had also logged into the account from Jacksonville, Florida, in the Middle District of Florida, using the IP address 162.225.165.18. According to information from the service provider, the IP address was assigned to the defendant, GREGORY EDWARD MCLEAN, at his home address (a particular residence on Bentwater Drive, Jacksonville, FL 32246).  The email address gnole3213@att.net was associated with the IP address from November 2, 2018, through January 15, 2021.  With respect to the "twisteddesire3210" account name, the digits "3210" were  associated with certain personal identifying information of MCLEAN.

Rhode Island authorities advised NCIS of the foregoing because MCLEAN was at that time an active duty officer in the United States Navy (USN), with the rank of Lieutenant Commander and serving as the Executive Officer (XO) of the U.S.S. Minneapolis-Saint Paul (LCS-21) stationed aboard Naval Station (NS) Mayport, Florida.  Through USN records, NCIS confirmed that MCLEAN was

Defendant's Initials ___ _____          26

staying in Rhode Island on official travel during the time period of the Kik uploads. Specifically, MCLEAN was on temporary duty at NS Newport, Rhode Island, between July 11, 2020 and September 25, 2020 as a student at the Surface Warfare Officers School. Middletown is just outside of NS Newport. Military records confirmed that MCLEAN's home address was the identified address on Bentwater Drive in Jacksonville where he lived with his wife, C.M., and that his personal email address was gnole3213@gmail.com.

Further, legal process from the hotel in Middletown confirmed that MCLEAN was staying at the hotel from July 11, 2020 through September 26, 2020. He checked in using a loyalty rewards program number in his name, and with his home address and phone number. The hotel also produced a State of Rhode Island Certificate of Compliance signed by MCLEAN, acknowledging COVID restrictions in place at the hotel at the time. The data obtained from Kik also showed logins to the twisteddesire3210_keg account from Dubai on or about October 20, 2019, Bahrain on or about October 26, 2019, and a hotel in Marinette, Wisconsin from approximately June 13, 2020, through June 20, 2020. USN records showed that MCLEAN was on official travel in those three locations on or about those dates.

Subsequently, NCIS discovered another tip made to the National Center for Missing and Exploited Children (NCMEC) dated December 1, 2020. The tip information reported the upload of five CSAM files by a Kik user on or about

Defendant's Initials           27

November 17, 2020.   The account which uploaded the files had the user name

"twisteddesire3213."      Information obtained from Kik revealed the following

subscriber information:

> Email address:     joesmith32103210@gmail.com
> Screen/user name: twisteddesire3213_ll3
> IP Address:  162.225.165.18
> Phone type:  Android

The IP address from which the user distributed the CSAM was the same

Jacksonville-based IP address previously identified as assigned to MCLEAN at his

home residence.  The CyberTip reported five files (four videos and one image) sent

within a few minutes of each other on November 17, 2020, using the private chat

message function.  Two of the video files distributed can be described as follows:

> -   File name: 25984456-72bf-4ec2-8ad2-299fe701270d.mp4, uploaded
>     to Kik on November 17, 2020 at approximately 16:02:15 UTC.  This
>     is a color video, with sound, approximately 64 seconds in length.  In
>     the beginning of the video, a completely nude pre-pubescent female
>     child wearing a mask, is lying on her back on what appears to be a
>     bed.  An adult male is holding one of the child's legs while inserting
>     what appears to be a sex toy into the child's vagina.  The camera
>     then zooms into a close-up, and the sex toy is removed and the adult
>     states, "You spread that pussy wide open you fucking cunt," as the
>     child spreads open her vulva with her hands.  The adult states, "You
>     like being raped?" and the child responds, "Yes."  The adult states,
>     "Do you want to be raped again?" and the child responds, "Yes."
>     The adult orders the child to insert a finger into her vagina and the
>     child complies by inserting one finger, and begins to masturbate.
>     The camera zooms out and video ends.  The female in the video is
>     a pre-pubescent child based on the overall size of her body, child-

Defendant's Initials _____          28

like features, lack of breast development, and lack of pubic hair. This file was identified by NCMEC to contain a child victim previously identified by law enforcement.

-   File name: e790c854-586a-44c0-b3df-f8ea788457f0.mp4, uploaded to Kik on November 17, 2020 at approximately 16:06:25 UTC. This is a color video, with sound, approximately 28 seconds in length. In the beginning of the video, a completely nude pre-pubescent female child is on her hands and knees on what appears to be a bed. An adult male is visible behind her masturbating with his hand on her buttocks. The child then states, "Fuck me in the ass." The camera switches the adult's point of view and the adult attempts to insert his penis into the child's anus and the child cries out. The view is switched a third time, with the male now holding the child with both hands, and penetrating her from the rear as she is bent forward. As the male thrusts his hips, she cries loudly and video ends. The female in the video is a pre-pubescent child based on the overall size of her body, child-like features, lack of breast development, and lack of pubic hair.

B.   JSO Knock and Talk

Unrelated to the federal investigation, on March 10, 2021, a detective with the Jacksonville Sheriff's Office (JSO) went to MCLEAN's residence on Bentwater Drive for the purpose of conducting a knock and talk regarding one of the same CSAM-related CyberTips that resolved back to the address. The detective made contact with L.H. at the home, who was MCLEAN's father-in-law. L.H. denied any knowledge as to Kik or child pornography.

Defendant's Initials _____        29

C.    Execution of Federal Search Warrant and Interviews

On November 4, 2021, agents executed a federal search warrant at MCLEAN'S residence on Bentwater Drive (Case No. 3:21-mj-1489-MCR). MCLEAN and other family members, including C.M., were present.

Agents conducted a recorded interview of C.M. She advised that she knew her husband, MCLEAN, had a Kik account but believed he had previously shut it down. She did not know his username and said she had never heard of "twisteddesire." She said he used a personal Android cell phone.

Agents also conducted a recorded interview of MCLEAN. MCLEAN admitted using Kik but stated that his username was "backwoodsredneck," and claimed not to have used Kik for more than one year. He denied using the sequenced numbers 3210 and 3213 for any accounts or usernames (despite 3210 being associated with his personal identifying information, and USN records reflecting that his personal email was gnole3213@gmail.com.) MCLEAN denied engaging in any activity related to child pornography. He admitted to staying at the particular hotel in Rhode Island, and to using his laptop and Android telephone while there. MCLEAN stated that he may have used Kik while staying in Rhode Island, but he could not remember. MCLEAN also admitted lodging at the hotel in Marinette, Wisconsin. Agents observed MCLEAN shaking during the interview, and he commented on the recording that he could not stop shaking. MCLEAN further

Defendant's Initials _____    30

stated, "I understand that no matter what, with this process, it's something that I'm going to have to go through and that my career is probably over and everything else."

Agents conducting the search of the residence found and seized numerous electronic devices and storage media, of which the other individuals living at the residence disclaimed ownership. Florida Department of Law Enforcement K9 Maple was used to search the residence, during which the K9 alerted to a plastic plant in the sunroom. Upon closer inspection, agents discovered a Micro SD card concealed within the fake soil of the plastic plant.

D.   Forensic Analysis of Seized Devices

The seized devices and media were submitted for forensic review by NCIS. The results of the analysis included:

- A Motorola Droid Turbo XT-1254 Android cellular phone identified as MCLEAN's contained several sexual conversations on the social messaging application Whisper between the device user and other Whisper users who identified as minor females. In other chat conversations on the phone, the user repeatedly expressed interest in raping and beating children, including infant- and toddler-aged children; discussed paying for sex with children while traveling overseas; claimed to have sexually abused children under the age of 18 months; and claimed to have abused his ex-wife's son at "bath time and toilet time." The analysis also located CSAM depicting an infant being sexually abused by an adult male in the unallocated space of the phone. The metadata indicated that the device had last been used on October 8, 2019.

- A Samsung S20 Android cellular phone identified as MCLEAN's contained in its "user dictionary" the user names "twisteddesire"

Defendant's Initials                      31

and gnoles3213@gmail.com.   No CSAM was identified on the phone, but agents found a text message on March 10, 2021, from L.H. to MCLEAN—the same day as the JSO knock and talk—that stated, "Cops were here reg kick app ?"   The forensic analysis showed that after the text message from L.H., MCLEAN installed several "device cleaning" applications on the Samsung S20.   Agents subsequently interviewed L.H., who acknowledged calling and texting MCLEAN after JSO visited the house.   L.H. said he had no knowledge of MCLEAN's involvement with child pornography. He provided consent to search his phone and no contraband was located.

- A green Western Digital Hard Drive s/n WXE507092327 was found in the closet of a bedroom where another individual, M.M., stayed off-and-on at the residence.   Agents also found in the closet several of MCLEAN's uniforms and a plastic bin of his belongings. (Agents interviewed M.M., who denied recognizing or possessing the hard drive.)   The hard drive bore a marking stating that it was manufactured in Thailand.   Five video files containing CSAM were found on the hard drive, including one which had been deleted.   The file name for one of the videos was "! dad balls deep into 6yo son 20110227181031-tnrdswnvpjtvfnlcn.flv",   and   the   metadata indicated that it had been created on September 7, 2013, and last accessed on November 5, 2015.

- A USB 2.0 flash drive (with a "Vincennes University" branding mark), which contained two video files of CSAM which appeared to be the same as two of the video files on the Western Digital hard drive.

- A Sony laptop computer, which reflected the usage of both the IP addresses 216.237.98.68 (from which the CSAM was distributed in Rhode Island) and 162.225.165.18 (MCLEAN's home address IP). The data on the computer also included an entry for email address

Defendant's Initials _____        32

twisteddesire3210@gmail.com having been used as a login for "doublelist.com," which is a classifieds, dating, and personals site.

- The Micro SD card concealed in the plastic plant, which contained approximately 20 files of anime depicting children engaged in sexually explicit conduct.

The defendant acknowledges there exists a sufficient forfeiture nexus between the assets discussed in this section of the factual basis and the offense of distributing child pornography. Specifically, the assets were used in the commission of the offense conduct and/or contained visual depictions of minors engaged in sexually explicit conduct.

E. Identification of Classified Information

During the search of the residence on November 4, 2021, agents also located and seized a black Sony USB flash drive. Photographs taken during the warrant's execution revealed that the Sony flash drive was in plain view in a wooden tray, on top of a counter in MCLEAN's kitchen. The wooden tray was open at the top with no cover, lock, or other security measures to prevent someone from taking items from the tray. The wooden tray contained a variety of items, including several wireless garage door openers, a flashlight, cigarette lighters, nail clippers, lip balm, and several other miscellaneous items. The other individuals residing at the home did not claim ownership of the flash drive.

Defendant's Initials           33

An examiner at the cyber forensics laboratory in Linthicum, Maryland, reviewed this particular flash drive for CSAM and observed files containing age-indeterminate pornography.  However, the examiner then identified a document ("Document A") which, upon opening, bore the United States Government classification marking "SECRET//NOFORN/25X1"[1] at the top.  The document contained national defense information (NDI) and pertained to foreign governments and their military equipment, specifically combat aircraft and impact.    Upon identifying potentially classified material, the examiner stopped analyzing the flash drive.  A separate search warrant was obtained to review the drive for classified material (Case No. 22-mj-1583-MJM, D. Md.).

## II.     Unlawful Retention of National Defense Information

### A.     Background on Classified Information

Classified information is defined by Executive Order 13526 ("E.O. 13526"), and relevant preceding Executive Orders, as information in any form that: (1) is owned by, produced by or for, or under the control of the United States

---

[1]     "NOFORN/25X1" means the information is "NOT RELEASABLE TO FOREIGN NATIONALS.  "X1" is an marking signifying an exemption from automatic declassification in cases involving information that may reveal the identity of a confidential human source, a human intelligence source, a relationship with an intelligence or security service of a foreign government or international organization, or a non-human intelligence source; or impair the effectiveness of an intelligence method currently in use, available for use, or under development.

Defendant's Initials           34

government; (2) falls within one or more of the categories set forth in E.O. 13526; and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security. Where such unauthorized disclosure reasonably could be expected to cause "damage" to the national security, the information is classified as "Confidential." Where such unauthorized disclosure reasonably could be expected to cause "serious damage" to the national security, the information is classified as "Secret." Where such unauthorized disclosure reasonably could be expected to cause "exceptionally grave damage" to the national security, the information is classified as "Top Secret."

Pursuant to E.O. 13526, a person may gain access to classified information only if a United States agency head or agency head's designee has determined that the person is eligible to access classified information, the person has signed an approved nondisclosure agreement, and the person has a "need-to-know" the classified information. "Need-to-know" means that an authorized holder of classified information has determined that a person requires access to specific classified information in order to perform, or assist in, a lawful and authorized government function.

Classified information may not be removed from the controlling agency's premises without permission.

Defendant's Initials                 35

B.    MCLEAN's Access to Classified National Defense Information

Background checks and USN training records revealed that MCLEAN has held a government security clearance since his commissioning as a naval officer in April 2006. Because of his job duties, and through all times relevant to the Superseding Information, the defendant held a Top Secret security clearance with access to Sensitive Compartmented Information (SCI). A Department of Defense (DoD) database confirmed MCLEAN was last granted a Top Secret//SCI clearance on or about March 7, 2016. As such, throughout his USN service, the defendant entered into various agreements with the United States regarding the protection and proper handling of classified information, and he received extensive annual training regarding classified NDI. USN records show that MCLEAN signed a Classified Information Nondisclosure Agreement (NDA) on or about April 28, 2006, which was the date of his Officer Appointment Acceptance and Oath of Office. Most recently, on or about February 18, 2020, MCLEAN signed a Personal Attestation regarding the "Reporting Obligations for Continued Access to Classified Information," which affirmed his agreement to abide by all conditions and responsibilities for accessing Top Secret Information and classified materials of any nature or kind.

NCIS interviewed the Command Security Manager (CSM) for MCLEAN's USN parent command, who oversaw all the command's security and

Defendant's Initials ⟨ ⟩      36

clearance issues. The CSM affirmed that at no time was any command member (including the defendant) allowed to maintain classified material at his residence. The CSM further advised that command members (including the defendant) are not authorized to store classified materials on thumb drives, nor are they authorized to maintain classified materials outside of secure controlled spaces.

     C.    <u>Criminal Retention of NDI by MCLEAN</u>

          After executing of the search warrant on the black Sony flash drive recovered from MCLEAN's residence, agents with NCIS and Federal Bureau of Investigation (FBI) identified approximately 200 classified files and documents containing NDI, including Document A. Specifically, there were approximately 150 documents classified at the Secret level and 50 documents classified at the Confidential level. The original classification dates on these documents ranged from 1997 through 2008. Among the unclassified contents of the flash drive were MCLEAN's USN "Fitness Report & Counseling Record (W2-O6)" dated November 21, 2018, and files containing age-indeterminate pornography.

          The classified information contained in these approximately 200 documents and files was controlled by various United States Government entities. Based on MCLEAN's intelligence-related official duties and, among other things, the trainings he received and his execution of multiple NDAs throughout his career as a naval officer, the defendant knew the information contained in the above-

Defendant's Initials        37

described files was classified NDI and that he was not authorized to possess or retain those materials in his house.

In addition to Document A described above—which constituted NDI, the unauthorized disclosure of which could reasonably be expected to cause serious damage to the national security—NCIS and FBI identified Document B, which is a presentation which reveals intelligence sources and methods on how the U.S. Intelligence Community understands and assesses foreign naval capabilities. The slides in the presentation were marked Secret//NOFORN and Secret//REL TO USA, AUS, CAN, GBR//MR level,[2] and constituted NDI. Disclosure of the information contained in the presentation to an adversary could result in the loss of future access to this information, the loss of significant taxpayer investment, and potentially the loss of U.S. ships and lives.

The defendant was aware that Document A and Document B were classified and contained NDI, and that retaining Document A and Document B (and the other files containing classified material) on the flash drive at his residence put U.S. national security at risk. MCLEAN's residence was not a location authorized to store classified information, and the defendant knew as much. Having

---

[2]     "REL TO USA, AUS, CAN, GBR//MR" signifies the information is releasable only to U.S. citizens and foreign nationals of specified countries and international organizations, or multinational forces. "MR" is a legacy classification marking meaning "manual review."

Defendant's Initials _____          38

unauthorized possession of the flash drive containing Document A and Document B, both of which related to the national defense, the defendant willfully retained Document A and Document B and failed to deliver them to an officer or employee of the United States entitled to receive them.

Defendant's Initials           39