UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

     v.                                            CASE NO. 3:22-cr-115(S1)-TJC-JBT

GREGORY EDWARD MCLEAN
    a/k/a "twisteddesire3210,"
    a/k/a "twisteddesire3213"

## UNITED STATES' SENTENCING MEMORANDUM

From 2006 until the day of his arrest in 2022, Gregory McLean served as an officer in the United States Navy. He was stationed both domestically and overseas, and received commendations for his service. At the time of his arrest, McLean had risen to the rank of Lieutenant Commander and was serving as the Executive Officer of a littoral combat ship stationed aboard Naval Station Mayport. McLean's Top Secret/Sensitive Compartment Information ("SCI") clearance granted him access to some of our nation's most closely guarded secrets.

Gregory McLean, however, led a double life for years. He betrayed his country, its laws and values, and his oath of office by distributing horrific videos and images depicting the rape of children, and by flagrantly failing to protect the classified information to which he had been given access. McLean's crimes cannot be reduced to an oversight or a mistake that spiraled out of control. The conduct described in the Presentence Investigation Report ("PSR") occurred over the course

of years and demonstrated a clear sexual interest in minors, in addition to a willful disregard of his sworn duty to protect the country and its national defense.

The United States requests that the Court sentence the defendant within his Guidelines range of 151 to 188 months. This sentence is warranted given the aggravated nature and circumstances of the offenses, the defendant's history and characteristics, to provide just punishment, to promote respect for the law, and to afford adequate deterrence. *See* 18 U.S.C. § 3553(a). When defendants engage in criminal behavior that inflicts harm on child victims, society expects the justice system to punish them accordingly. The appropriate sentence here is aggravated by the fact that the defendant was a military leader who violated his oath and the country's trust by unlawfully retaining classified information – a significant crime which ultimately does not factor into the defendant's Guidelines range. The United States submits that a Guidelines sentence is therefore necessary to fulfill the statutory purposes of sentencing in this case.

## Memorandum of Law

On December 7, 2023, the defendant waived indictment and pleaded guilty to both counts of the Superseding Information (Doc. 32). The defendant now faces a statutory maximum of 20 years' imprisonment as to Count One (distribution of child pornography), with a mandatory minimum term of imprisonment of five years, and a maximum of 10 years' imprisonment as to Count Two (unlawful retention of national defense information ("NDI")). Pursuant to the plea agreement, the parties

will jointly recommend that the Court impose concurrent sentences for Counts One and Two.  Doc. 40 at 5.

The Probation Officer has correctly determined that the defendant's offense level for Count One is driven by the base offense level of 22 for distributing child pornography, with specific offense characteristic enhancements imposed for McLean's distribution via computer of numerous images depicting violent sexual conduct against prepubescent minor victims.  PSR ¶¶ 53-62.  Accordingly, the total offense level for Count 1 is 37.  *Id.* ¶ 62.  The defendant's offense level for Count Two begins with a base offense level of 24, with an additional two levels added for the defendant's abuse of public trust, for a total offense level of 26.  *Id.* ¶¶ 63-68.  In evaluating the multiple counts under USSG §3D1.4, however, the PSR (correctly) assesses that Count Two ultimately does not affect the defendant's combined adjusted offense level because Count One's offense level is significantly higher due to the nature of the criminal conduct.  With a three-level downward adjustment for acceptance of responsibility and a Criminal History Category I, the defendant's and total offense level is 34, and his advisory guidelines range is 151-188 months.  *Id.* ¶ 111.

**I.     The advisory guidelines range in this case is reasonable.**

The guidelines range in this case accurately reflects the seriousness of the defendant's conduct.  The videos and images possessed and distributed by the defendant depicted the violent sexual abuse of children.  Tragically, those children are victimized again and again as these files circulate among criminals via the

3

internet. The defendant willingly contributed to that victimization, even if he himself was not the person who produced the images.

In his sentencing memorandum, the defendant requests that the Court vary[1] downwardly and impose only the mandatory minimum sentence of 60 months – a variance of over 60% from the bottom of the advisory guidelines range, and almost 70% from the top of the range. As set forth below, the defendant discusses a handful of cases in which courts gave defendants significant downward variances—declaring that those cases are analogous to his own situation—and implicitly attacks the child pornography guidelines in USSG §2G2.2 as overly punitive to "non-production" defendants. McLean appends to his memorandum a transcript from a 2014 sentencing hearing during which the Court discussed its views on USSG §2G2.2 in the context of a receipt-of-child-pornography case. Doc. 51, Ex. E (Transcript from *United States v. John Charles Stevenson*, Case No. 3:13-cr-106-TJC-JRK, March 25, 2014).

*A. The defendant's purportedly analogous cases do not support a variance.*

The cases cited by the defendant are inapposite. For example, the defendant refers repeatedly to *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006), arguing that the facts in *Gray* are "nearly identical" to those here. *See* Doc. 51 at 20-21, 24-25, 30-31. Not so: although Gray pleaded guilty to distribution of child pornography

---

[1] The memorandum requests throughout that the Court downwardly <u>depart</u> from the guidelines range, but the relevant discussions appear to address a downward variance. Therefore, the government will address the latter herein.

and had the same advisory guidelines range of 151-188 months, the similarities end there. Gray received a sentence of 72 months, apparently in large part because he was a senior citizen with a history of health problems (having been recently discharged from the hospital due to heart issues) and diagnosed mental health issues. 453 F.3d at 1324. Moreover, the district court record shows that Gray had been allowed to remain on bond pending trial due to his cooperation[2] with law enforcement regarding information "which might have substantially assisted the United States in the investigation of other offenses." Case No. 6:04-cr-182-Orl-18KRS, Doc. 20. Due to an error by Pretrial Services, however, the defendant was not provided with court-ordered mental health treatment as part of his supervision, apparently culminating in a crisis where Gray brandished a firearm in an attempt to commit "suicide-by-cop." *Id.* Needless to say, these significant factors are not present here. Even so, the Eleventh Circuit affirmed Gray's sentence unenthusiastically, stating, "Although Gray's sentence is less than half the 151 months that defines the bottom of the guidelines range, under the circumstances and given the district court's explanation we cannot say that is unreasonable in light of the § 3553(a) factors." *Id.* at 1325.

---

[2] The United States notes that, prior to the defendant's plea hearing, he provided via his attorney certain information regarding another individual's possible criminal conduct. This information was ultimately not corroborated and does not constitute substantial assistance (nor was a cooperation provision part of McLean's plea agreement), but the United States here advises the Court of the defendant's attempt to provide information.

Other cases cited by the defendant as "holdings" supporting a downward variance are similarly inapposite. *See, e.g.*, *United States v. McBride*, 511 F.3d 1293, 1295, 1298 (11th Cir. 2008) (affirming 84-month sentence in distribution case where district court found that defendant had "'perhaps one of the worst histories that I have seen since being on the bench, being essentially abandoned by his family and then consistently abused,'" including ten years of sexual abuse by his grandfather, and his uncle and mother beating him to the point of severing his intestine, breaking his arm, and burning him); *United States v. West*, No. 22-13087, 2023 WL 4399012, at *1-3 (11th Cir. July 7, 2023) (rejecting defendant's appeal of 90-month sentence for distribution, with a guidelines range of 151-188 months, where defendant was a transgender woman required to suppress her gender identity and subjected to physical and sexual abuse throughout her childhood; a psychologist concluded that the defendant was not a pedophile and had a low risk of committing future sex crimes; and the government did not oppose downward variance); *United States v. Riley*, 655 F. Supp. 2d. 1298, 1300-05 (S.D. Fl. 2009) (imposing sentence of 60 months for defendant convicted of receipt of child pornography, where two psychiatrists opined that defendant presented a low risk of reoffending, and court expressed general skepticism of the guidelines).

Defendants in child-exploitation cases often point to cases like *Gray*, *McBride*, and *Riley* as the lodestar against which courts must measure their sentences to avoid unwarranted disparities. The Eleventh Circuit has disfavored this type of comparison as necessitating a downward variance. For example, in *United States v.*

*Demont*, 283 F. App'x 768, 771 (11th Cir. 2008), that defendant argued that *Gray* and *McBride* were downward-variance cases supporting his appeal of a 169-month sentence for distribution or receipt of child pornography. The Eleventh Circuit rejected his argument and affirmed the sentence, explaining:

> [I]n neither [*Gray* or *McBride*] did we affirm for the sole purpose of complying with the single statutory factor, namely § 3553(a)(6), which provides: "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Moreover, we have recently stated that we have "typically treated child sex offenses as serious crimes, upholding severe sentences in these cases." Significantly, after we made that observation in *Pugh*, we distinguished cases, including *Gray* and *McBride*, in which we had affirmed downward variances.

*Id.* (quoting *United States v. Pugh*, 515 F.3d 1179, 1202 (11th Cir. 2008)). More recently, in *United States v. Gallander*, 610 F. App'x 930 (11th Cir. 2015), the Eleventh Circuit rejected a sentencing challenge brought by a defendant who had been convicted of distribution or receipt of child pornography and was sentenced to 222 months. The defendant pointed to *McBride* and *Riley* as grounds for an unwarranted disparity, which the court summarily rejected, stating, "While these cases are similar and demonstrate that we will uphold a term less than that imposed in the present case, they do not show that Defendant's sentence is outside of the reasonable range of sentences." *Gallander*, 610 F. App'x at 933.

Simply put, the defendant's citations to purportedly analogous cases do not constitute grounds for a downward variance. Moreover, the defendant fails to acknowledge the most glaring difference between this case and his analogs: in none

7

of those cases did the defendant commit an entirely separate, unrelated serious offense like McLean has done here.

 *B. The guidelines in USSG 2G2.2 are not unfairly punitive.*

 The defendant also argues that the sentencing guidelines unfairly treat defendants who possess or distribute child pornography ("non-production" defendants) the same as those who produce it. The defendant appends the *Stevenson* sentencing transcript from 2013 as Exhibit E to his memorandum, directing the Court to the discussion at pages 17-22 regarding "the difficulty in applying the sentencing guidelines in cases like [McLean's]." Doc. 51 at 29-30. This argument fails for several reasons.

 As an initial matter, *Stevenson* involved a defendant convicted of *receipt* of child pornography—or being a "downloader" as the Court put it at page 22 of Exhibit E—as opposed to distributing child pornography like McLean. In its discussion of the appropriate sentence for Stevenson, the Court categorized receipt with possession in terms of the nature of offense, as opposed to distribution. *See* Doc. 51, Ex. E at 4-5 (noting that the case involved "the receipt of child pornography – possession and receipt of child pornography. . . . And [the prosecutor] and I have had discussions before about how you decide whether to charge possession or receipt, because that makes a big difference.") While receipt and distribution are paired in 18 U.S.C. § 2252(a)(2), the implicit inference of the Court appears to be that receiving child pornography differs from distribution in that the act of sending these images to other criminals can cause immeasurable ripple effects of harm to victims through

8

additional future distributions. The guidelines reflect that distinction in the enhancements contained in USSG §2G2.2(b)(3). Thus, at a very fundamental level, McLean's conduct is not identical to Stevenson's.

Further, the Court's review of the Sentencing Commission's 2012 Report to Congress: Federal Child Pornography Offenses (hereinafter the "2012 Report"),[3] and its critique of USSG §2G2.2 as "fail[ing] to differentiate among offenders in terms of their culpability" occurred more than ten years ago. Doc. 51, Ex. E at 13. Subsequently, the Eleventh Circuit reinforced the validity of USSG §2G2.2, and the Court affirmed the applicability of the guidelines in imposing appropriately severe sentences for those engaged in child pornography offenses. In 2014, the Eleventh Circuit addressed the 2012 Report directly in *United States v. Cubero*, 754 F.3d 999 (11th Cir. 2014). The court of appeals held that the publication of the 2012 Report "does not change the statutory sentencing scheme, the applicable sentencing guidelines, or the binding precedent about §2G2.2 in this Circuit," and that before the publication of the report "this Court has previously rejected similar arguments about the sentencing guidelines for child pornography offenses generally. We do so here, specifically as to §2G2.2." *Cubero*, 754 F.3d at 901 (citing *United States v. Wayerski*, 624 F.3d 1342, 1354-55 (11th Cir. 2010)); *see also United States v. Jackson*, No. 22-12533, 2023 WL 2945162, at *5 (11th Cir. Apr. 14, 2023), *cert. denied*, 143 S. Ct. 2679 (2023) (rejecting defendant's challenge to a 138-month sentence for receipt

---

[3] Now available at https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses.

of child pornography, with a guidelines range of 151-188 months, and noting that *Cubero* "rejected the argument that the [2012 Report] rendered §2G2.2 invalid or required the district court to vary downward in non-production child pornography cases.")

The logic of *Cubero* has since been borne out by Congress and the Sentencing Commission. The Court presaged this during its discussion of the "concerns expressed [in the 2012 Report] that the current guidelines in non-production cases are perhaps askew" in the *Stevenson* hearing, stating: "[A]gain, this is the sentencing commission itself in 2012. And, obviously, no action has yet been taken, but I think it's an interesting addition to the learning." Doc. 51, Ex. E at 14. In the eleven years since, the Sentencing Commission has amended the guidelines multiple times. At no point has it taken action to mitigate the guidelines applicable to "non-production cases." Rather, in 2016, the Sentencing Commission revised the guidelines to clarify (1) the specific offense characteristic regarding images depicting violent conduct in §2G2.2(b)(4) because the Commission concluded "child pornography offenses involving infants and toddlers warrant an enhancement," (2) the distribution enhancement in §2G2.2(b)(3)(F) to apply "only in cases in which the defendant knowingly engaged in distribution," and (3) the five-level enhancement in §2G2.2(b)(3)(B) to apply to defendants who distribute for valuable consideration. *See* Amendments to Sentencing Guidelines, April 28, 2016 (*available at* https://www.ussc.gov/sites/default/files/pdf/ amendment-process/reader-friendly-amendments/20160428_RF.pdf).

In short, Congress and the Sentencing Commission have taken no action in eleven years to reduce the severity of punishments for those who distribute child pornography. Indeed, the Sentencing Commission clarified two separate enhancements in the guidelines such that they are applicable to McLean himself in this very case. There is no conclusion to draw other than that the advisory guidelines range in this case is wholly appropriate, rather than unfairly punitive.

## II. The advisory guidelines range in this case does not factor in the serious and wholly distinct conduct charged in Count Two.

One thing the defendant's memorandum seldom addresses is his unlawful retention of classified NDI. This omission tracks the PSR's conclusion that, as noted above, this entirely separate criminal conduct does not factor into McLean's combined advisory guidelines range. It is a function of the severity of §2G2.2 that, even if the defendant had never unlawfully removed classified information from a secure facility and kept it at his residence, his guidelines in this case would be exactly the same.

But that does not mean McLean's retention of classified NDI should be disregarded. To the contrary, this Court should consider McLean's betrayal of the trust the U.S. government placed in him, and the risk to national security he created. The defendant was a highly trained naval officer who, despite his knowledge and experience, removed classified NDI from secure locations and stored it in a wholly unsecure location – his kitchen counter, where anyone who entered his home could have had easy access to it. Further, if the defendant inserted the flash drive into an

11

unclassified, unsecure computer—which he almost certainly did, given the presence of pornography and other unclassified files on the drive—it would have further exposed the classified NDI by allowing remote electronic access by unauthorized persons.[4]

The amount of classified national defense information McLean put at risk is also noteworthy. He did not mistakenly download a document or two. There were approximately 150 Secret documents and 50 Confidential documents on the thumb drive. These Secret documents, which contained NDI related to foreign governments and their combat aircraft and naval capabilities, could be expected to cause serious damage to U.S. national security if they were disclosed. McLean was aware of this risk because he received multiple security briefings throughout his career, during which he was taught the proper handling and storage of classified information and acknowledged that the unauthorized retention of documents could cause damage to national security. Despite this, McLean downloaded these documents and took them home in violation of the law.

If McLean did not have a prurient sexual interest in children and never distributed child pornography, he would still be facing an advisory guidelines range of 46-57 months (including an adjustment for acceptance of responsibility) for his conduct betraying the country's trust. The Court should not entertain the

---

[4] While the documents had all been created and classified in 2008 or earlier, the presence of other files (such as the defendant's 2018 fitness report) suggests McLean was carrying and using the flash drive far more recently.

12

defendant's plea for a downward variance without first considering this unique discrepancy. This conduct would warrant a significant sentence on its own, and the government submits it negates any mitigative factors tending to support a downward variance in this case.

### III. Conclusion

For the reasons set forth above and as the United States will address further at the sentencing hearing, the 18 U.S.C. § 3553(a) factors strongly support a Guidelines sentence for this defendant, including the nature and circumstances of the offense conduct (including both disparate courses of criminal activity), the need to reflect the seriousness of the offense, promote respect for the law, and provide a just

punishment, the need to afford adequate deterrence, and the need to protect the public. A sentence within the advisory guidelines range will accomplish these goals.

                    Respectfully submitted,

                    ROGER B. HANDBERG
                    United States Attorney

By:   *s/ David B. Mesrobian*
       David B. Mesrobian
       Assistant United States Attorney
       USAO No. 188
       300 North Hogan Street, Suite 700
       Jacksonville, Florida   32202-4270
       Telephone:   (904) 301-6300
       Facsimile:   (904) 301-6310
       E-mail:   david.mesrobian@usdoj.gov

       *s/ Kirwinn Mike*
       KIRWINN MIKE
       Assistant United States Attorney
       Florida Bar No. 0127588
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone:(904) 301-6300
       Facsimile:(904) 301-6310
       E-mail: Kirwinn.Mike@usdoj.gov

       *s/ Heather M. Schmidt*
       Heather M. Schmidt
       Senior Trial Attorney
       National Security Division
       United States Department of Justice
       950 Pennsylvania Ave., NW
       Washington, D.C. 20530
       Tel.: (202) 233-2132
       Fax: (202) 233-2146
       E-mail: Heather.Schmidt@usdoj.gov

U.S. v. McLean                  Case No. 3:22-cr-115(S1)-TJC-JBT

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jesse Dreiser, Esq.
James Hill, Esq.

                                          /s/ *David B. Mesrobian*
                                          David B. Mesrobian
                                          Assistant United States Attorney